IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

STEVEN GLEN MADIX, )
 )
      Plaintiff, )
 )
 )
v. ) No. 3:12-CV-130
 )
LINDA JEAN ATKINSON, )
 )
      Defendant. )

## MEMORANDUM AND ORDER

"[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir.1998) (citations omitted). When appropriate, a federal court must on its own raise the issue of subject matter jurisdiction, and it can do so at any time. *See Norris v. Schotten*, 146 F.3d 314, 324 n.5 (6th Cir. 1998) (citations omitted). "This duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Campanella,* 137 F.3d at 890 (citing Fed. R. Civ. P. 12(h)(3)).

Plaintiff has sued his sister over a probate dispute. His complaint identifies both parties as citizens of the State of Tennessee, so this court does not have diversity jurisdiction over this case. Further, the complaint states no basis upon which this court would have subject matter jurisdiction. "[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*,

347 F.3d 138, 141 (6th Cir. 2003) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.").

The present complaint does not contain the requisite jurisdictional statement setting forth the basis on which this court has subject matter jurisdiction. It is clear to the court that such jurisdiction does not exist.

Accordingly, this case is hereby **DISMISSED**. The defendant's motion for appointment of counsel [doc. 2] is **DENIED**. *See Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (There is "no constitutional right to appointed counsel in a civil case.").

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge